IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | No. 3:20-CR-00494-L-1 |
| HUGO ESCUARDA VILLEGAS, ) | |
| #08212-509 ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion to Abate Appeal, Vacate Conviction and Dismiss the Indictment Due to Appellant's Death ("Motion") (Doc. 95), filed January 8, 2023, by appellate counsel for the now-deceased Defendant Hugo Escuarda Villegas ("Villegas"). The issues are fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Motion **is granted** to the extent appellate counsel moves to vacate Villegas's conviction and dismiss the Indictment as to him only.

### I. Background

Villegas pleaded guilty to possession with the intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. On June 21, 2022, the court sentenced him to 324 months' imprisonment.

On June 28, 2022, Villegas appealed to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). He then died in the custody of the Bureau of Prisons (BOP) on October 5, 2022. On January 8, 2023, Villegas's appellate counsel filed the Motion, requesting that Villegas's pending appeal to be abated, his conviction to be vacated, and his Indictment to be dismissed. Two days later, the Fifth Circuit entered an order granting Villegas's unopposed motion to stay proceedings in the Fifth Circuit pending a ruling by

this court on the Motion. On January 11, 2023, the government filed a response without any analysis, stating it had no objection to Villegas's appellate counsel's request to vacate the conviction and dismiss the Indictment, but it requested the Indictment be dismissed **as to Villegas only**.

## II.  Discussion

In *Durham v. United States*, 401 U.S. 481 (1971) (per curiam), the Supreme Court adopted the "abatement rule," which provides that "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Id*. at 483; *see also United States v. Estate of Parsons*, 367 F.3d 409, 413 (5th Cir. 2004) (en banc) (recognizing with the abatement rule "the appeal does not just disappear, and the case is not merely dismissed. Instead, everything associated with the case is extinguished, leaving the defendant as if he had never been indicted or convicted.") (internal quotation marks omitted). In support of its decision in *Durham*, the Supreme Court reasoned that petitions for certiorari were no different than federal appeals of rights, which were unanimously thought to be subject to *ab initio* abatement. *Durham*, 401 U.S. at 481.

Approximately five years later, the Supreme Court issued its decision in *Dove v. United States*, 423 U.S. 325 (1976) (per curiam). In that decision, the Court overruled its decision in *Durham*. In *Dove*, in its entirety, the Court held:

> The Court is advised that the petitioner died at New Bern, N.C., on November 14, 1975. The petition for certiorari is therefore dismissed. To the extent that *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), may be inconsistent with this ruling, *Durham* is overruled.

*Dove*, 423 U.S. at 325 (italics added).  The Fifth Circuit later described the *Dove* opinion as "42 cryptic, enigmatic words." *United States v. Pauline*, 625 F.2d 684 (5th Cir. 1980).

In *Pauline*, the Fifth Circuit addressed the effect of *Dove* and held: "There are substantial differences between appeals of rights and petitions for certiorari.  Thus we, as others, are convinced that *Dove* applies only to petitions for certiorari.  We therefore hold that abatement *ab initio* remains the rule of direct criminal appeals." *Id.* at 685 (footnote omitted).

In this case, Villegas died on October 5, 2022, while his direct appeal was pending at the Fifth Circuit. His appellate attorney now moves for Villegas's direct appeal to be abated, his conviction in this court to be vacated, and his Indictment to be dismissed.  The government agrees that Villegas's conviction should be vacated, and the Indictment should be dismissed, but it contends that because he had a co-defendant, the Indictment should be dismissed as to Villegas only.[*]  The court finds the relief requested by Villegas's appellate counsel to vacate his conviction and dismiss[*] the Indictment is appropriate and consistent with legal precedent in the Fifth Circuit. Therefore, Villegas's conviction for possession with the intent to distribute a controlled substance and aiding and abetting will be vacated, and the Indictment as to him only will be dismissed.  To the extent Villegas's appellate counsel seeks to abate his pending direct appeal, such request is not properly before this court, and is to be addressed by the Fifth Circuit.  This court has neither the authority nor the effrontery to order the Fifth Circuit to dismiss the appeal.

---

[*] Villegas had a co-defendant, Oscar Ivan Rodas.  *See United States v. Villegas*, Case No. 3:20-CR-00494-L-2.

### III. Conclusion

For the foregoing reasons, appellate counsel's Motion to Abate Appeal, Vacate Conviction and Dismiss the Indictment Due to Appellant's Death (Doc. 95) is **granted in that the court vacates Villegas's conviction and dismisses with prejudice the Indictment as to Villegas only.**

**It is so ordered** this 14th day of February, 2023.

*[Signature]*
Sam A. Lindsay
United States District Judge